Roger Lewis COULTER *v.*
STATE of Arkansas

CR 90-126                                                    219 S.W.3d 122

Supreme Court of Arkansas
Opinion delivered December 1, 2005

*Craig Lambert*, for petitioner.

*Mike Beebe*, Att'y Gen., by: *Joseph V. Svoboda*, Ass't Att'y Gen., for appellee.

PER CURIAM. This is a death case. On February 22, 2000, appellant Roger Coulter filed a motion for belated appeal and for appointment of counsel for purposes of appealing the circuit court's denial of relief under Arkansas Rule of Criminal Procedure 37.5. On March 30, 2000, the motion for belated appeal was granted, and Alvin Schay was appointed as counsel to represent Coulter. No prejudicial error was found, and this court affirmed the decision of the circuit court on November 30, 2000. The mandate was issued on December 19, 2000.

On October 1, 2001, a petition for writ of *habeas corpus* was filed in federal court. By order dated October 7, 2002, the federal district court appointed the federal public defender's office to represent petitioner, "along with Alvin Schay and Craig Lambert, so that the resources of the Federal Public Defender Office can be utilized in this death habeas case."

On September 10, 2003, the federal district judge granted Coulter's motion to amend his *habeas corpus* petition to include a claim of mental retardation, and, on May 24, 2004, the judge found that claim was unexhausted in state court. Therefore, the retardation claim was dismissed in federal court and the remaining claims were stayed on condition that Coulter seek relief on the mental retardation claim in state court within 90 days, and that he return to federal court within 90 days of the full exhaustion of the retardation claim to pursue his exhausted claims.

Attorneys for Coulter (Schay, Lambert, and the federal public defender) filed a motion to reconsider the order and asked: "Can a federal court stay, or must it dismiss, a 28 U.S.C. 2254 petition for habeas corpus that includes exhausted and unexhausted claims when the stay is necessary to permit the petitioner to exhaust claims in state court without having his federal petition barred by the one-year statute of limitation in the Antiterrorism and Effective Death Penalty Act?" The federal court denied this motion on July 21, 2004.

A motion to recall mandate or alternatively for a writ of *error corum nobis* was filed in this court on August 17, 2004. The motion was filed by Craig Lambert and Alvin Schay as attorneys for Coulter. This court ordered that the motion be submitted as a case. On November 18, 2004, a motion to stay briefing schedule was granted, pending a decision by the Supreme Court in *Engram v. State*, Sup. Ct. No. CR 99-928. The *Engram* case was decided, the stay was lifted, and a briefing schedule was initiated in this court.

On July 26, 2005, the day before Coulter's reply brief was due to be filed, Bruce Eddy, a federal public defender, filed a motion to hold proceedings in abeyance pending ascertainment of counsel and pending a decision in *Hill v. State*, CR00-1210, regarding federal public defender representation. On October 13, 2005, the *Hill* opinion was handed down, and this court ordered the federal public defender to comply with the opinion.

On November 1, 2005, the State moved and requested that a brief be filed by the federal public defender or by Schay and Lambert. On November 8, 2005, Bruce Eddy filed an application for permission to appear as counsel under *Hill v. State*, CR 00-1210 (October 13, 2005). Both the State and Craig Lambert responded, asking that this court deny the federal public defender permission to appear on behalf of petitioner.

█ In the instant case, Coulter's attorneys of record are Lambert and Schay. These attorneys are familiar with the case and they are qualified to undertake the representation. They filed the motion to recall the mandate that resulted in this pending case, and they represented Coulter in federal *habeas corpus* proceedings for more than a year before a federal public defender was appointed. Under these circumstances, we see no reason to appoint additional counsel to represent Coulter, especially when existing counsel have not requested the FPD's assistance and, indeed, one existing counsel opposes FPD representation. The motion of Federal Public Defender Bruce Eddy to appear as counsel on behalf of Coulter is denied.

GLAZE, J., concurs. *See Newman v. State*, 363 Ark. 199, 211 S.W.3d 543 (2005), and *Hill v. State*, 363 Ark. 480, 215 S.W.3d 589 (2005).